IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **THE PERSONAL CARE PRODUCTS COUNCIL,**<br><br>Plaintiff,<br><br>v.<br><br>**ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,**<br><br>Defendant. | Case No. 2:26-CV-00682-DJC-CKD<br><br>**ORDER REGARDING FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>Judge:      Honorable Daniel J. Calabretta<br>Trial Date:  None set<br>Action Filed: March 3, 2026 |

The Court has received, read, and considered the Stipulation Regarding Final Judgment and Permanent Injunction in this case filed by Plaintiff The Personal Care Products Council ("PCPC") and Defendant Attorney General Rob Bonta, in his official capacity, which is hereby fully incorporated herein. For good cause shown:

The Court hereby **ORDERS** that Defendant Rob Bonta, in his official capacity as the Attorney General of the State of California, his officers, employees, and agents, and all those acting in privity or concert with the Attorney General and those individuals, are permanently enjoined from filing or prosecuting new lawsuits to enforce the warning requirement under Cal. Health and Safety Code section 25249.6 ("Proposition 65") for diethanolamine in cosmetic and personal care products;

The Court further **ORDERS, ADJUDGES AND DECLARES** that, based on the current state of the relevant science, the Proposition 65 warning requirement for cancer as applied to diethanolamine cannot be constitutionally enforced, consistent with the First Amendment, by the Attorney General of the State of California, his officers, employees, and agents, and all those acting in privity or concert with the Attorney General and those individuals;

It is further **ORDERED** that the Attorney General retains the right to move the Court to dissolve this injunction pursuant to Federal Rule of Civil Procedure 60(b)(5) or (6) in the event he believes a change in the facts or law renders its application inequitable or unnecessary;

It is further **ORDERED** that this Court shall retain jurisdiction over this action for purposes of implementing and enforcing the permanent injunction;

It is further **ORDERED** that PCPC shall have judgment entered in its favor; and

It is further **ORDERED** that the Parties shall each bear their own attorneys' fees,

///

///

///

2

costs, and all other expenses incurred in connection with this case.

It is so **ORDERED**.


Dated:  June 23, 2026              /s/ Daniel J. Calabretta

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

ORDER REGARDING FINAL JUDGMENT AND PERMANENT INJUNCTION
(Case No. 2:26-CV-00682-DJC-CKD)